**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| **MIMO RESEARCH, LLC,**<br><br>*Plaintiff,*<br>v.<br>**SAMSUNG ELECTRONICS AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD.,**<br><br>*Defendants.* | **Civil Action No. 5:22-cv-73-JRG-JBB**<br><br>**LEAD CONSOLIDATED CASE** |
| **MIMO RESEARCH, LLC,**<br><br>*Plaintiff,*<br>v.<br>**MURATA ELECTRONICS NORTH AMERICA, INC. AND MURATA MANUFACTURING CO., LTD.,**<br><br>*Defendants.* | **Civil Action No. 5:22-cv-74-JRG-JBB**<br><br>**RELATED CASE** |
| **MIMO RESEARCH, LLC,**<br><br>*Plaintiff,*<br>v.<br>**QORVO, INC.,**<br><br>*Defendant.* | **Civil Action No. 5:22-cv-75-JRG-JBB**<br><br>**RELATED CASE** |
| **MIMO RESEARCH, LLC,**<br><br>*Plaintiff,*<br>v.<br>**LG ELECTRONICS USA, INC. AND LG ELECTRONICS INC.,**<br><br>*Defendants.* | **Civil Action No. 5:22-cv-77-JRG-JBB**<br><br>**RELATED CASE** |
| **MIMO RESEARCH, LLC,**<br><br>*Plaintiff,*<br>v.<br>**TEXAS INSTRUMENTS INCORPORATED,**<br><br>*Defendant.* | **Civil Action No. 5:22-cv-83-JRG-JBB**<br><br>**RELATED CASE** |

## ORDER REGARDING E-DISCOVERY

The Court ORDERS as follows:

1.  This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2.  This order may be modified in the court's discretion or by agreement of the parties.

3.  A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4.  Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

5.  Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI production:

    A.  **General Document Image Format.** Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format, in multipage PDF format, or in native format.

        i.  TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files

     shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

   ii. PDF files shall be multipage and shall be named or prepended with a unique production number followed by the appropriate file extension.  If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

   iii. Native format files shall be named or prepended with a unique production number followed by the appropriate file extension.

B. **Text-Searchable Documents.**  No party has an obligation to make its production text searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

C. **Footer.**  Each document image shall contain a footer with a sequentially ascending production number.

D. **Native Files.**  Spreadsheets (e.g., MS Excel, Google Sheets) and delimited text files (e.g., comma-separated value (.csv) files and tab-separated value (.tsv)

files) shall be produced in their native file format or MS Excel. TIFF images need not be produced for files produced in native file format unless the files have been redacted, in which instance such files shall be produced in TIFF with OCR Text Files. A TIFF placeholder indicating that the document was provided in native format may accompany the database record. A party that receives a document produced in a non-native format may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

    E.    **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

    F.    **Voicemail and Mobile Devices.** Absent a showing of good cause, data and documents hosted on social media accounts (including Twitter, Facebook, etc.), voicemails, PDAs, and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests.

7. The parties agree that absent good cause, no party shall serve e-mail production requests.

Should one or more parties serve e-mail production requests, the parties will meet and confer in good faith to narrowly tailor the number of custodians, search terms, and timeframe to specific issues giving rise to the good cause for e-mail production requests.

8. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding. In the event privileged or work product protected ESI is inadvertently produced, the producing and receiving parties shall follow the procedures set forth in Paragraph 12 of the Protective Order entered in this case.

9. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

10. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

**So ORDERED and SIGNED this \_\_\_ day of _____, 2023.**

_____
JAMES BOONE BAXTER
United States Magistrate Judge